Dykman, J.
This action was commenced by the plaintiff, who was one of the beneficiaries under the last will and testament of Daniel Quinby, deceased, against the executors and trustees of such will, alleging that they had omitted and neglected to perform their duties under the trust created by the will, and demanding judgment for their removal and the appointment of new trustees in their place.
Upon the trial of the action the complaint was dismissed, but upon appeal to the general term from a judgment entered upon that decision, that judgment was modified in so far as it dismissed the complaint, and in the judgment of the general term it was ordered that the executors should forthwith sell the real property for the best price they could obtain, unless they had already sold the same, and that they should render an account of their proceedings, and the proceeds of the sale of the real property, and the use, rents and profits of the land, and all property so held by them as executors, and a referee was appointed to take such accounts and report the same to the court, the entry of such judgment on appeal to be postponed until the coming in and confirmation of the report of such referee. The real estate was sold pending the litigation. The referee so appointed to take and state the account proceeded in the performance of his duty, and made his report,' by which he found that the balance of cash on hand for distribution according to the provisions of the will was $3,031.51, as shown by the account as filed with him and submitted with such report. But he also found that to the $3,031.51 should be added the sum of $131.31, making $3,162.82, from which should be deducted the sum of $166.50, leaving a net balance of $2,996.32 of cash in the hands of the executors and trustees.
*174 A motion was made at special term, May 25, 1893, for the confirmation of the report of the referee, and for final judgment thereon. When the court made an order upon which judgment was entered which made certain modifications in the report, whereupon the defendants appealed from such order and judgment. The order and judgment from which the appeal ig taken, make the total sum of $9,675.88 in the hands of the executors, to he divided into three equal parts; or being $3,225.29 each at the date of the ordei', May 25, 1893, instead of the total sum of $2,996.32 for each as found by the referee at the date of the report, February 20, 1893. The difference in amount for distribution between the order and judgment and the referee’s report is caused by charging the executors with the interest on the total proceeds of the sale of the real estate to the date of the order and judgment, several months beyond the proper time as stated in the account and report. There are some small items of the account charging certain payments against the principal instead of the income of the estate.
In our view the modification is not justified, and the referee’s report should have been confirmed, without change.
In the first place it appeared that the executor had rendered an account to the surrogate of Westchester county in 1883, and it appears by the referee’s report that the total receipts since the accounting of 1883, amounted to $91,185.07, whereas the order of the special term státes these as making the sum of $90,868.03, being a difference of $317.04, which arises in the items of rent and interest, the report stating it as received “ From rentals and interest shown in schedule H., $5,917.04, while at the special term it is erroneously stated that the executors and trustees have charged themselves with only $5,600, as received from rents and nothing for interest. Instead of leaving the interest at the date of the report of the referee, the special term carries it forward to the date of the order which improperly anticipates the accounting hereafter to be made in the surrogate’s court. It appears from the report of the referee that the executors sold bank stock of the Mechanics & Traders’ Bank, $343.43, of the Central Bank of Westchester county, $500, and received from Bridget Lyon the amount of a mortgage, making a total of $993.33, which is the $943 stated in the special term, and this is charged against them as recited in the account.
The referee finds that the executors and trustees appropriated this $943.33 to the payment of $500 legacy to Maria Quinby, given by the will of Daniel Quinby, and other property which is set forth in his schedule B., or in other words that they have in every regard properly accounted for it, and it is difficult to understand how it can now be claimed that the executors and trustees should have first paid and discharged the $849.91, being the balance found due to them from the estate by the surrogate’s decree of February 26, 1883, and because they had not done so, they should be charged with the difference between $849.91 and $943.33 being $93.42.
It has been urged by the respondent that the balance of $849.91 *175 carried an interest charge while the legacy did not; but the answer to that proposition is that the legacy in the will was payable when the legatee became twenty-one, and in the meantime interest was to be payable. The following is the language of the will: “ To Maria, the wife of my son Egbert, and their son, Henry Quinby, each the sum of $500. My executors are to retain said $500, so given to said Henry Quinby in their hands invested on interest and pay and apply the interest in the meantime to his education and support until he arrives at the age of twenty-one years and then pay him said legacy.”
The direction of the testator was obeyed by the executors and the referee’s disposition of the account in this respect should be confirmed.
The next item in the order of the special term charging an account and referee’s report thereon is: “ That he also be charged with interest from December 1, 1888, to this date on the $750, received by him from the city of Hew York for the-' Bronx river award.”
The insertion of this provision was doubtless an oversight on the part of a judge, for if the account had been carefully examined it would appear that interest on the Bronx river award had been credited the estate and charged against the executors and trustees to the date of account and report, to wit, the amount received was $700, and not $750, and the interest was charged in the account from October 19, 1889, each year to October, 1892, forty-two dollars each year, making the total of interest for four years of $168, all the interest up to the date to which the, executors were chargeable.
The referee refers to this matter in his opinion in the following language, “ As to the $700 net proceeds of the Bronx river award, the counsel for the Executor Quinby advised that he had no right to apply it to the amount of arrears due him on the prior accounting, and for that reason he did not so apply it, but allowed the estate interest on the amount of that award and properly charged interest on the account due him under said surrogate’s decree on said former accounting, for the reason that he could not pay the sum due to himself and at the same time pay the current expenses of the estate from the income of the estate which was not sufficient for both purposes.”
The account and report of the referee show that until the sale of the real estate in 1892, there was no cash balance on hand on which the executors should be charged with interest, and it is exceedingly doubtful whether the interest on the Bronx river award heretofore considered, could have been claimed from them.
The next item in the charge is interest from April 25, 1892 on $3,000 of the purchase money of the farm. The facts in relation to that are these. The total purchase price of the farm was $83,-295. The executor Quinby, entered into a contract to sell the farm in December, 1892, and received only $500 on account. 'On the 1st of February, 1892, he received $4,500 on account of the purchase money, and on the 1st of July, 1892, the ssle was fully consummated and purchase money given for $67,343 and $10,852, *176 was paid in cash. From the cash so paid $15,952 on account of the purchase price of the farm, the defendant Quinby paid the expenses of the sale $2,404.88, survey $174 and other expenses. He loaned therefrom to Maria Quinby, April 25, 1892, $3,000 on bond and mortgage payable one year from that date with interest at six per cent. He also loaned Susan E. Quinby, $8,000, July 5, 1892, on her bond and mortgage payable in five years at five per cent, the balance of the cash so received is in the account fully accounted for and is not questioned. The executors, therefore, invested all the proceeds of the sale of the farm with great promptitude and have fully accounted therefor.
It is sought under this order to charge the executors with interest at six per cent, on the Maria Quinby mortgage from April 25, 1892, its date, until the date of the order. ■ But that is erroneous, as at the time of the accounting nothing was due on the mortgage. Ho interest had been received, it being payable annually, and the executors and trustees can only be charged with this investment as in their hands, the principal and interest of which they are to account for hereafter. The interest on the balance of the purchase money of the farm, $80,295, to the date of the order, at the rate of five per cent., amounts to $3,613.28, and is also improperly inserted in the special term order. The contention of the counsel for the plaintiff that the entire purchase price of the farm should be considered as so much cash in the hands of the executors and trustees, instead of investments and cash, as found by the referee, cannot be allowed.
We have thus examined in detail some of the modifications of the referee’s report made by the order of the special term, and the judgment entered thereon, which are plainly erroneous, and our conclusion is that the judgment and order appealed from should be modified so as to confirm the report of the referee precisely aS it was made, without modification, and as so modified affirmed, with costs of this appeal to the appellants, to be deducted from the estate.
A motion was made to dismiss the appeal, because the defendant had taken the benefit of the judgment and order, and was, therefore, concluded by. the same.
We do not find the fact to be as claimed by-the respondent, and the motion is, therefore, denied, with ten dollars costs and disbursements, to be retained by the appellants from the funds in their hands.